UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERESA J. TAYLOR, | ) | CASE NO. 5:07CV2698 |
| Plaintiff | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| RITCHIE D. FRISBY, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | |

On September 6, 2007, plaintiff pro se Teresa J. Taylor filed the above-captioned in forma pauperis complaint against Ritchie D. Frisby. On November 19, 2007, Ms. Taylor sought to amend her complaint by adding citations to statutes that she had omitted in her original complaint. Ms. Taylor asserts this court's jurisdiction based on a violation of her civil rights. She also cites the Federal Tort Claims Act, 28 U.S.C. § 2679; the "Violence Against Women Act, 42 U.S.C. § 14016"; 18 U.S.C. § 2241, 18 U.S.C. § 3509; and Ohio Revised Code § 2907.02. She is seeking $1 million in damages.

**Background**

Ms. Taylor alleges that she met Defendant in 1988. At that time, she was 15 years old and Defendant introduced himself as being 15 years of age as well. She alleges that Defendant began to mentally and physically abuse her. When she later became pregnant, presumably by Defendant, he confessed that he was really 18 ½ years old but begged her not to disclose that fact for fear of prosecution. Ms. Taylor claims "[s]he didn't have anyone to tell. He used to get me out of school because he knew the teachers." (Compl. at 2).

Ms. Taylor claims she still suffers abuse at the hand of Defendant to this day. He has allegedly abused the child he fathered by Ms. Taylor and attempted to "commit fraud through the

1

county courts by declaring he is owed child support for 'not' taking care of the child." (Compl. at 2). She now seeks an injunction "to restrain him and any third parties he attempts to involve."

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. § 1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## Failure to State a Claim

Ms. Taylor fails to assert a viable federal claim against Defendant based on the facts she alleges. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. Id. To do so would "require the district courts . . . to explore exhaustively all potential claims of a pro se plaintiff, [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept as true a plaintiff's unwarranted factual inferences. Morgan v. Church's

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the complaint does not contain allegations reasonably suggesting Ms. Taylor might have a valid federal claim against Defendant.

## Conclusion

Accordingly, Ms. Taylor is granted leave to proceed in forma pauperis and her complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies that an appeal from this dismissal could not be taken in good faith.[2]

IT IS SO ORDERED.

DATED: November 30, 2007          ___s/ John R. Adams_____
John R. Adams
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."